PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JENNIFER ROBINSON, ) | |
| ) | CASE NO. 1:13cv2536 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 24] |

An Administrative Law Judge ("ALJ") denied Plaintiff Jennifer Robinson's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") after a hearing held on April 4, 2012. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge James R. Knepp II for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report and Recommendation reasoning that the Commissioner's decision that Plaintiff is not disabled should be affirmed. *See* ECF No. 22. Plaintiff has filed Objections. ECF No. 24. For the reasons that follow, Plaintiff's Objections are overruled and the Court adopts the Report and Recommendation of the magistrate judge.

(1:13cv2536)

# I.

When the magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report and Recommendation to which an appropriate objection has been made.  28 U.S.C. § 636(b).  Objections to the Report and Recommendation must be specific, not general, in order to focus the court's attention upon contentious issues.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes whether substantial evidence supports the Commissioner's decision.  The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978) (discussing the standard of review a district court should apply when reviewing a magistrate judge's findings in an SSI claim); *see also Bartyzel v. Commr of Soc. Sec.*, 74 F. App'x 515, 522–23 (6th Cir. 2003) (same).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently.  *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)).  Moreover, the decision must be affirmed

(1:13cv2536)

even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).  This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  The court must also consider whether the Commissioner employed the proper legal standards.  *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The claimant's impairment must prevent her from doing her previous work, as well as any other work existing in significant numbers in the national economy.  42 U.S.C. § 423(d)(2)(A).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which

(1:13cv2536)

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Under 42 U.S.C. § 1381, disabled individuals who meet certain income and resources requirements are entitled to SSI benefits. 20 C.F.R. §§ 416.1100 and 416.1201.

## II.

Plaintiff's objections are summarized below:

1. The ALJ should not have relied on the Cooperative Disability Investigations Unit ("CDIU") report because Plaintiff had not been interviewed by the CDIU investigators and the CDIU's conclusions were incorrect.

2. Even if the CDIU investigators interviewed the right person, the ALJ should not have relied on the CDIU report to exclude the evidence of Doctors Konieczny and House.

3. There was insufficient medical evidence in the record to support the ALJ's findings that Plaintiff could perform medium level work with restrictions and that there were jobs in the economy that she could perform.

4. The ALJ and the magistrate judge erred in finding that Plaintiff did not meet or equal listings 12.05(C) or (D) for intellectual disabilities.

5. The magistrate judge erred in his findings that Plaintiff did not meet or equal listing 12.08 for personality disorders.

6. The magistrate judge erred in finding that Plaintiff did not provide educational records.

7. The magistrate judge erred in not finding that the ALJ should have used Plaintiff's two hypothetical questions in formulating Plaintiff's Residual Functional Capacity.

ECF No. 24. The Court reviews the objections *de novo*.

### A. Plaintiff's First Objection

On July 12, 2011, the Ohio Disability Determination Service ("DDS") investigated

4

(1:13cv2536)

whether inconsistencies in Plaintiff's medical records should result in a finding of fraud or similar fault—knowingly making an incorrect or incomplete material statement or knowingly concealing material information—pursuant to 42 U.S.C. § 405(u). ECF No. 14 at Page ID#293. On September 28, 2011, the Cooperative Disability Investigations Unit ("CDIU"), at the behest of DDS, sent investigators to Plaintiff's apartment to observe Plaintiff and evaluate her physical and mental limitations. *Id.* at Page ID#293–94. The investigators spoke with a woman at Plaintiff's apartment who identified herself as Plaintiff. *Id.* at Page ID#296. After a conversation concerning an unrelated law enforcement matter, the investigators reported that Plaintiff's right eye appeared impaired; her left eye appeared functional; she had no difficulty understanding the investigators' questions; and she did not report headaches or learning limitations when questioned about them. *Id.* at Page ID#296–97. In light of this investigation, the DDS issued a report concluding that Plaintiff had committed similar fault by knowingly concealing information and providing incorrect information relevant to her disability claim. *Id.* at Page ID#305–07. As a consequence of this finding, information supplied by Plaintiff, as well as "reports based in full on input from [Plaintiff]," were disregarded.

Plaintiff contests the validity of the CDIU[1] report's conclusions and claims she was not the person interviewed by the CDIU investigators. In support of this argument, Plaintiff includes an affidavit wherein she swears that she had not been interviewed in September 2011 and the photo in the transcript (*see* ECF No. 14 at Page ID#300) is not of her. ECF No. 16-1 at Page

---

[1] Although it appears that DDS issued the report to which Plaintiff now objects, the Court will refer to it as the CDIU report for consistency with Plaintiff's objections.

(1:13cv2536)

ID#627–28.  Plaintiff's affidavit is dated March 24, 2014, and there is no indication that this affidavit was included in the administrative proceedings.  Because Plaintiff had not produced the affidavit during the administrative proceedings, the magistrate judge construed Plaintiff as arguing for remand pursuant to 42 U.S.C. § 405(g), sentence six, to permit the affidavit to be considered as new evidence.  ECF No. 22 at 16.

Section 405(g) authorizes two distinct types of remand.  A sentence four remand is "a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary" when a new hearing is warranted in light of the decision.  *Faucher v. Secretary of HHS*, 17 F.3d 171, 174 (6th Cir. 1994).  In contrast, a sentence six remand is "a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary."  *Id.*  Plaintiff acknowledges that she had argued for a sentence four remand in her merits brief, but that a sentence six remand would be appropriate to allow the ALJ to consider Plaintiff's affidavit.  ECF No. 24 at 4.  Because it is undisputed that Plaintiff's affidavit was not included in the administrative record, the Court adopts the magistrate judge's finding that Plaintiff's request for a remand to consider her affidavit is a request for a sentence six remand.

Under a sentence six remand, the district court does not evaluate the merits of the claim but instead remands to the Commissioner for further action.  *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 734 (N.D. Ohio 2005).  In order to obtain a sentence six remand, however, a party must demonstrate that (1) the evidence at issue is new and material, and (2) there is "good cause for the failure to incorporate such evidence into the record in a prior proceeding."  *Hollon*

6

(1:13cv2536)

*ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). Plaintiff bears the burden of showing both requirements are met. *Id.* (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).

Evidence is "new" only if the evidence was "not in existence or available to the claimant at the time of the proceeding." *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 628 (1990)). The evidence is "material" if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (quoting *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)). "Good cause" is shown only when there is "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Id.*

Plaintiff can neither show Plaintiff's affidavit is new nor good cause for not including the affidavit in the administrative proceedings. In Plaintiff's Objections, counsel admits that he knew some kind of fraud investigation had been conducted and a report included in the record, but he could not access the portion of the disc that contained the report itself. ECF No. 24 at Page ID#705–06. Counsel submits that he only gained insight into the report through references to it in other evidence in the record, but was not aware of the contents of the report itself until he reviewed the transcript prepared by the administration for the instant case. During the hearing before the ALJ, however, counsel did not object to the submission of the CDIU report as evidence. *See* ECF No. 14 at Page ID#82 (declining to object to the introduction of, among other exhibits, the CDIU report introduced as Exhibit 14E and located in the transcript at Page ID #291).

7

(1:13cv2536)

Counsel had the opportunity to object to the report's introduction into evidence but failed to do so.  His failure to review the report is not good cause for submitting Plaintiff's affidavit into the administrative record.  See Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 149 (6th Cir. 1996) (declining to find good cause when counsel failed to acquaint himself with the client's case before the ALJ hearing).  Nor would Plaintiff's affidavit, if accepted, constitute new evidence.  Plaintiff would have known at the date of the administrative hearing whether she had been interviewed by the CDIU investigators.  Accordingly, Plaintiff has not shown an entitlement to a sentence six remand for purposes of reconsidering whether Plaintiff is the true subject of the CDIU report, in light of her new affidavit.  Aside from this Plaintiff's affidavit, there is no evidence in the record contradicting the conclusion that Plaintiff had in fact been interviewed by the CDIU investigators.  Therefore, the ALJ's decision to credit the report's finding is supported by substantial evidence.  Plaintiff's first objection is overruled.

### B.  Plaintiff's Second Objection

Plaintiff argues, in the alternative, that the decision to exclude evidence subject to the CDIU's finding of similar fault is unjustified when considering the whole record.  ECF No. 24 at Page ID#706–08.  Plaintiff argues that the record did not contain, through no fault of Plaintiff, school records that Plaintiff believes would corroborate the reports of Doctors Konieczny and House and support her position that she has mental disabilities.  Because the ALJ did not consider these records, Plaintiff contends the ALJ's decision is not supported by substantial evidence.

Although an ALJ has the obligation to develop the facts and ensure that each claimant

8

(1:13cv2536)

receives a full and fair hearing, the ALJ must not assume the role of counsel in doing so. *See Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). Ultimately, "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (rejecting plaintiff's argument that she had been denied a full and fair hearing and concluding that the ALJ's duty is triggered only "if the existing medical sources [in the record] do not contain sufficient evidence to make a [disability] determination").

Plaintiff's objection regarding the missing school records is not persuasive. Pursuant to *Landsaw*, Plaintiff, not the ALJ, had the obligation to present the missing evidence that Plaintiff argues is consistent with the medical evidence deemed disregarded by the CDIU report. Instead, the Commissioner need only "reason to believe that fraud or similar fault was involved" on the part of the claimant before evidence affected by the fraud or similar fault may be disregarded. 42 U.S.C. § 405(u)(1)(B). The Commissioner's finding to that effect, like all other findings, is reviewed under the substantial evidence standard. That standard is met here. The CDIU report challenged Plaintiff's claims regarding her daily life, her visual acuity in her left eye, her intelligence capabilities, and other mental deficiencies. ECF No. 14 at Page ID#305–06. The report indicated that other sources of medical evidence contradicted Plaintiff's claims. The CDIU investigators found that Plaintiff could perform many daily activities such as cooking and laundry, that she had a better visual acuity than had been previously reported, and that different psychological evaluations revealed far more moderate intellectual difficulties than had been

(1:13cv2536)

previously suggested. ECF No. 14 at Page ID#307. The CDIU report therefore sets forth substantial evidence for the conclusion that Plaintiff "knowingly concealed and provided incorrect information concerning her intelligence, her vision and her ability to function on a daily basis." Id. Plaintiff's second objection is overruled.

### C. Plaintiff's Seventh Objection[2]

Plaintiff objects to the ALJ's formulation of her Residual Functional Capacity ("RFC") and the hypothetical that the ALJ posed to the Vocational Expert. Specifically, Plaintiff argues that the RFC should have included limitations for Plaintiff's depression, personality disorder, her educational and learning difficulties, her problems with memory, right-eye blindness and light sensitivity in her left eye. ECF No. 24 at Page ID#711.

A vocational expert's testimony in response to a hypothetical question can serve as substantial evidence supporting an ALJ's decision. "An improper hypothetical cannot serve as substantial evidence." Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 513 (6th Cir. 2010). An ALJ is only required to incorporate into the hypothetical those limitations which she accepts as credible. Smith-Johnson v. Comm'r of Soc. Sec., 579 F. App'x 426, 436 (6th Cir. 2014); (citing Casey v. Sec'y of Health and Human Servs., 987 F.2d 1230, 1235 (6th Cir. 1993)). The ALJ's findings of fact regarding the credibility of limitations, like all other findings of fact, are reviewed for whether substantial evidence supports the determination. See Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997) ("This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal

---

[2] This objection is addressed next due to logical not sequential order.

(1:13cv2536)

standards or has made findings of fact unsupported by substantial evidence in the record.").

Substantial evidence in the record supports the limitations set forth in the RFC. The ALJ specifically noted that the reports of David House and Joseph Konieczny—the two evaluating psychological consultants that found that Plaintiff had been diagnosed with depression—had been disregarded due to the CDIU report. ECF No. 14 at Page ID#72. The ALJ found that Plaintiff had been diagnosed with personality disorder. *Id.* The ALJ discounted this finding, however, because the condition had not been diagnosed when Plaintiff attended another psychological examination four months prior, and because the CDIU investigators reported Plaintiff had interacted with them with no apparent difficulties. *Id.* As to Plaintiff's learning disability, the ALJ found that her diagnosis for borderline intellectual functioning was contradicted by a prior psychological examination finding no such diagnosis. *Id.* The ALJ found Plaintiff's claim that she needed special education classes to be unsubstantiated by Plaintiff's school records. *Id.* The ALJ acknowledged Plaintiff's right-eye blindness and left-eye functional limitations in visual acuity, depth perception, color blindness, and field of vision. *Id.* at Page ID#71. At the same time, the ALJ specifically rejected Plaintiff's complaints of light sensitivity in noting that Plaintiff could easily read names and view a photograph presented to her by the CDIU investigators. *Id.* at Page ID#72. The ALJ, therefore, considered each of Plaintiff's proffered limitations and rejected them based on substantial evidence in the record. "In sum, the ALJ accurately accommodated all of Plaintiff's symptoms that were based on objective medical evidence and substantial evidence supported disregarding much of the record because of inconsistencies and the finding of similar fault. Plaintiff's argument that the ALJ erred in forming

11

(1:13cv2536)

her RFC is not well-taken." ECF No. 22 at 34. Plaintiff's seventh objection is overruled.

### D. Plaintiff's Third Objection

Plaintiff objects to the magistrate judge's conclusion that "there was sufficient medical evidence remaining in the record for [the ALJ] to decide that [Plaintiff] could perform medium level work with some restrictions [finding 5] and that there were jobs in the U.S. economy that she could perform [finding 10]." ECF No. 24 at Page ID#708–09 (alteration in original). According to Plaintiff, "[w]e do not believe he could make such findings since there was no medical evidence to support it if you throw out the agency evaluations." Id. at Page ID#709.

This argument is not well-taken for the same reasons discussed in relation to Plaintiff's second objection. The agency evaluations were thrown out due to the findings of the CDIU report that Plaintiff had "knowingly concealed and provided incorrect information concerning her intelligence, her vision and her ability to function on a daily basis." ECF No. 14 at Page ID #307. Plaintiff, not the ALJ, had the burden of providing a complete record to fill any gaps created by the finding of similar fault. Therefore, the ALJ was not required to supplement the record after certain medical records were disregarded because of the CDIU report. The ALJ's only obligation was to ensure that substantial evidence in the record supported his findings.

The record reflects that substantial evidence supports both the ALJ's finding that Plaintiff could perform medium level work with restrictions and the finding that there were jobs in the economy that she could perform. For the same reasons discussed in relation to Plaintiff's seventh objection, the finding that Plaintiff could perform medium level work with some restrictions is supported by substantial evidence. The RFC determination was supported by the

(1:13cv2536)

entire record before the ALJ, and the evidence to the contrary was properly excluded based on the findings of the CDIU report.  As to the finding that there were jobs in the U.S. economy that she could perform, the ALJ based his conclusion on the testimony of the Vocational Expert. ECF No. 14 at Page ID #74.  As discussed above, vocational expert testimony in response to an appropriately developed hypothetical may provide substantial evidence to support the ALJ's conclusion.  The hypothetical posed to the vocational expert, as earlier discussed, was appropriately developed.  Accordingly, the ALJ's finding that Plaintiff was not disabled because she is capable of finding work in the U.S. economy was supported by substantial evidence. Plaintiff's third objection is overruled.

### E.  Plaintiff's Fourth Objection

Plaintiff argues that evidence supports her position that she did in fact meet or equal listings 12.05(C) or (D) for intellectual disabilities.  ECF No. 24 at Page ID#709 (objecting "[w]e believe that claimant met or equaled listing listings 12.05(C) or (D)" and listing evidence that Plaintiff believes establishes this fact).  In objecting to the magistrate judge's agreement with the ALJ's conclusion to the contrary, Plaintiff argues that, because there is substantial evidence supporting her position, the Court should find that substantial evidence does not support the Commissioner's position. This argument misapprehends the standard of review.  The substantial evidence standard does not empower the reviewing court to re-weigh the evidence.  The Commissioner's decision must be affirmed so long as there is substantial evidence supporting it. See *Mullen*, 800 F.2d at 545 (observing that the administration cannot be reversed merely because substantial evidence also supports the opposite conclusion).  It is possible that

(1:13cv2536)

substantial evidence can support opposite conclusions simultaneously. The task at hand is limited to determining whether the decision of the ALJ—not the decision it could have made—is supported by substantial evidence.

To qualify for a 12.05(C) listing, a claimant must demonstrate (1) significantly sub-average general intellectual functioning with deficits in adaptive functioning manifested before age 22, (2) a valid verbal, performance, or full-scale I.Q. of 60 through 70, and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of functioning. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. To qualify for a 12.05(D) listing, a claimant must demonstrate (1) significantly sub-average general intellectual functioning with deficits in adaptive functioning manifested before age 22; (2) a valid verbal, performance, or full-scale I.Q. of 60 through 70; and (3) at least two of the following: marked restriction of activities of daily living, marked difficulties in maintaining social functioning, marked difficulties in maintaining concentration, persistence, or, pace, or repeated episodes of decompensation of extended duration. *Id.*

Substantial evidence supports the ALJ's conclusion that Plaintiff does not qualify for a listing under either 12.05(C) or 12.05(D) because she failed to demonstrate the requisite IQ score needed for either listing. The ALJ found that Plaintiff had received IQ scores that normally would qualify for the listing, but believed that the scores did not accurately reflect her true capabilities. The ALJ noted that, during one evaluation, the consulting examiner had opined that Plaintiff's score was not valid as she had been abusing substances earlier that day. ECF No. 14 at Page ID#474. During Plaintiff's other evaluation, the examiner had concluded that it was likely

(1:13cv2536)

that Plaintiff's true functioning was higher than the results of her test suggested because her irritable presentation led to a "slight underestimation" of her true capabilities. ECF No. 14 at Page ID#425. Substantial evidence in the record corroborates Plaintiff's history with substance abuse and anger management. Plaintiff herself testified to having drank "a lot" and having smoked marijuana. *Id.* at Page ID #89–90. Plaintiff also admitted to blacking out when she became angry in the past. *Id.* at Page ID#92–93. The ALJ was therefore justified in disregarding the IQ tests as unreliable and, absent any valid IQ test score in the record, concluding that Plaintiff had failed to demonstrate that she met or equaled listings 12.05(C) or (D). Plaintiff's fourth objection is overruled.

### F. Plaintiff's Fifth Objection

Plaintiff raises a similar objection with respect to the magistrate judge's findings that Plaintiff did not meet or equal listing 12.08 for personality disorders. Plaintiff couches her objection in terms of whether there is sufficient evidence that proves Plaintiff met or equalled listing 12.08. ECF No. 24 at Page ID#709 ("We object to the Magistrate's conclusion that the record does not contain sufficient evidence to prove that plaintiff meets or equals listing 12.08 regarding her personality disorder."). Again, however, the correct inquiry is whether substantial evidence supports the ALJ's decision.

To qualify for a 12.08 listing, Plaintiff must establish the following:

A. Deeply ingrained, maladaptive patterns of behavior associated with one of the following:
        1. Seclusiveness or autistic thinking; or
        2. Pathologically inappropriate suspiciousness or hostility; or
        3. Oddities of thought, perception, speech and behavior; or
        4. Persistent disturbances of mood or affect; or

(1:13cv2536)

    5. Pathological dependence, passivity, or aggressivity; or
    6. Intense and unstable interpersonal relationships and impulsive and damaging behavior;

  AND

  B. Resulting in at least two of the following:
    1. Marked restriction of activities of daily living; or
    2. Marked difficulties in maintaining social functioning; or
    3. Marked difficulties in maintaining concentration, persistence, or pace; or
    4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.08. The ALJ concluded that Plaintiff had not established two marked limitations. ECF No. 14 at Page ID#69–70. The ALJ expressly considered that Plaintiff had moderate[3] restriction of activities of daily living, as she was still capable of many self-care activities with assistance from others. *Id.* at Page ID#69. The ALJ found Plaintiff had moderate difficulties with social functioning because she lived with her two children, attended church, and left her residence on a daily basis to visit friends and neighbors. *Id.* at Page ID#70. The ALJ found Plaintiff had moderate difficulties with concentration, persistence, or pace, as reflected in Plaintiff's admission that she can use a computer to look up information. *Id.* Finally, the ALJ found that Plaintiff had not experienced extended episodes of decompensation. *Id.* For each of these inquiries, the ALJ considered the objective medical evidence contained in the whole record. The ALJ's conclusion, therefore, is supported by substantial evidence. Plaintiff's fifth objection is overruled.

---

  [3] A moderate restriction is one of lesser severity than a marked restriction. *See* 20 C.F.R. § 404.1520a(c)(3).

(1:13cv2536)

### G. Plaintiff's Sixth Objection

Plaintiff objects to the magistrate judge's finding regarding Plaintiff's educational records. According to Plaintiff, she had provided some records, but was unable to provide more due to the fact that she had only received one page from Cleveland Schools. ECF No. 24 at Page ID#710. Plaintiff's objection mischaracterizes the magistrate judge's finding on this point. The magistrate judge did not state that Plaintiff failed to provide educational records. The Report and Recommendation instead indicates that Plaintiff has failed to present school records supporting her contention that she had received special education. *See* ECF No. 22 at Page ID#673, 675, 684. This objection is overruled.

Plaintiff also argues under this objection that the magistrate judge said that Plaintiff "never claimed of hearing voices to her primary care provider" and cites to a document in the record which purports to refute that which the magistrate judge wrote. The document in question memorializes Plaintiff's visit to Dr. Gaby El-Khoury. ECF No. 14 at Page ID#578. The document indicates that Plaintiff had visited Dr. El-Khoury for the first time on April 2, 2012—two days before the hearing before the ALJ. *See id.* at Page ID#80. There is no indication that Plaintiff returned to Dr. El-Khoury for treatment after this visit. Based on this record, Plaintiff's visit to Dr. El-Khoury was a one-time occurrence. This hardly refutes the magistrate judge's finding that Plaintiff had not told her primary care physician of the voices in her head. In any event, Plaintiff has failed to demonstrate how this finding controverts the substantial evidence supporting the ALJ's decision. This objection is also overruled.

(1:13cv2536)

### III.

For the reasons discussed above, Plaintiff's Objections (ECF No. 24) are overruled. The Report and Recommendation is hereby adopted. The decision of the Commissioner is affirmed. Judgment will be entered in favor of Defendant.


    IT IS SO ORDERED.


| | |
|---|---|
|  March 26, 2015 |  /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |